JOSÉ RIVERA VÁZQUEZ ET AL., Plaintiffs and Appellants, *v.* THE PEOPLE OF PUERTO RICO ET AL., Defendants and Appellees.

No. 9315. Argued April 17, 1946.—Decided April 30, 1946.

*E. Pérez Casalduc* for appellants. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, First Assistant Attorney General,* and *Carlos Santana Becerra, Assistant Attorney General,* for appellee The People.

MR. JUSTICE SNYDER delivered the opinion of the court.

This is a suit for damages filed by José Rivera Vázquez and his minor son under his *patria potestas* against the People of Puerto Rico and the Water Resources Authority of Puerto Rico. The complaint alleges that the Water Resources Authority has installed and operates a substation at Jayuya to transform electrical current in high tension wires, which run into the substation, into current suitable for public consumption; that due to the negligence of the Water Resources Authority and/or its employees in locating the substation in such a densely populated place and in failing to inspect and conserve these high tension electric wires, the child was burned by contact with one of the wires running into the substation. The Water Resources Authority filed an answer which also contained several special defenses. The People of Puerto Rico moved to dismiss on the ground among

others that the complaint does not allege that the Water Resources Authority is a special agent of the People of Puerto Rico.

The district court granted the motion of the People, and at the request of the plaintiffs entered judgment on the order dismissing the complaint as to the People of Puerto Rico. The plaintiffs appealed from that judgment.

■■ The People of Puerto Rico cannot be sued without its consent. *Valiente & Co.* v. *Cuevas, Com'r., ante,* p. 169; *Méndez* v. *Buscaglia, Treas.,* 64 P.R.R. 707. This consent has been given for damage suits. Act No. 11, Laws of Puerto Rico, 1928. But we have held that Act No. 11 must be read together with § 1803 of the Civil Code, which provides that as to the liability imposed by § 1802 for negligence "The State is liable in this sense when it acts through a special agent, but not when the damage should have been caused by the official to whom properly it pertained to do the act performed, in which case the provisions of the preceding section shall be applicable."

We have held that under § 1803 the People cannot be sued for liability arising out of acts of employees performed in the normal exercise of the functions of their offices. Only if the acts are done by a special agent commissioned to accomplish something alien to his regular duties and with power as such an agent to bind the State can the government be held liable for his negligence in the performance of those acts. *Soto* v. *Lucchetti,* 58 P.R.R. 715; *Ortiz* v. *People,* 44 P.R.R. 146. There is no allegation in the complaint that the negligent acts here were committed by such a special agent.

The district court therefore acted properly in dismissing the complaint as to the People of Puerto Rico.

The answer filed by the Water Resources Authority does not set up the defense that it cannot be sued for the alleged negligent acts committed herein. The Authority has answered on the merits and has raised certain other defenses. The case therefore remains open for disposition of the dispute between the plaintiff and the Water Resources Authority.

The judgment of the district court will be affirmed, **and** the case remanded for further proceedings not inconsistent with this opinion.